IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY HERRERA,** <br> **Plaintiff** | : No. 3:24-CV-0504 <br> : <br> : (Judge Munley) |
| v. | : |
| **PENNSYLVANIA DEPARTMENT** <br> **OF CORRECTIONS,** *et al.*, <br> **Defendants** | : <br> : <br> : |

## MEMORANDUM

Plaintiff Jeffrey Herrera initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging an unlawful deprivation of Recidivism Risk Reduction Incentive (RRRI) credit to his sentence. Herrera, however, has already filed a nearly identical civil action that is currently pending in this court. Accordingly, the court will dismiss the instant case as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

In his complaint, Herrera asserts that, in or around April 2020, he was sentenced to 10 to 24 months' incarceration for a parole violation. (See Doc. 1 at 2); Commonwealth v. Herrera, No. CP-35-CR-0002335-2012 (Pa. Ct. Com. Pl.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Lackawanna Cnty.). He claims that he was eligible for the "Recidivism Risk Reduction Incentive" program, see generally 61 PA. CONS. STAT. §§ 4501-08, but was arbitrarily "deprived" of this sentencing credit without warning and without a hearing. (Doc. 1 at 2-3). Herrera maintains that, if he would have been granted this RRRI credit, he would have served a shorter parole-violation sentence and been released "2 ½ months earlier." (Id. at 4). He claims that the denial of the sentencing credit violated his Eighth and Fourteenth Amendment rights, resulting in "due process" and "equal protection" violations, as well as "cruel and unusual punishment." (Id. at 5).

Herrera sues a host of defendants, including the Pennsylvania Department of Corrections, Pennsylvania Board of Probation and Parole, Judge Michael Barrasse, Attorney Doug Vanston, Lackawanna County Adult Probation Officers, and the United States. (Id. at 1-2). He does not request any type of relief. (See generally Doc. 1).

Although multiple Defendants have filed motions to dismiss Herrera's complaint, (see Docs. 17, 18, 19, 21), the court need not consider those motions. That is because the instant case is duplicative of another case Herrera recently filed in this court, and therefore dismissal of the case at bar is required.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). Dismissal under Section 1915A(b)(1) is also appropriate if the complaint is "frivolous" or "malicious", id., or "seeks monetary relief from a defendant who is immune from such relief," id. § 1915A(b)(2). Dismissal of an *in forma pauperis* civil action that is "frivolous" or "malicious" is likewise required under 28 U.S.C. § 1915(e)(2)(B)(i).

## III. DISCUSSION

Resolution of this case requires only brief discussion. On February 5, 2024—less than two months before filing the instant case—Herrera lodged another *pro se* Section 1983 complaint in this court. See Herrera v. Dep't of Justice, No. 3:24-cv-00202, Doc. 1 (M.D. Pa. Feb. 5, 2024) (Mannion, J.). That complaint raises identical issues and claims regarding the April 2020 parole-violation sentence and purported denial of RRRI sentencing credit. (See id. at 2-3). To wit: Herrera alleges that he over-served on his parole-violation sentence by "2 ½ months" because he was wrongfully denied RRRI credit, resulting in "due process" and "equal protection" violations. (See id. at 1-3).

3

Duplicative claims may be dismissed as frivolous and malicious. See Washington v. Gilmore, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)); McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)). It is plainly evident that the instant case is identical in substance to case number 3:24-cv-00202, insofar as it has the "same nucleus of operative facts" as that earlier case. See Hurst v. Counselman, 436 F. App'x 58, 60-61 (3d Cir. 2011) (nonprecedential). And while Herrera adds several new Defendants in the present complaint, that does not alter the gravamen of his Section 1983 lawsuit.[2]

Herrera's complaint is clearly duplicative of civil action number 3:24-cv-00202, which is pending in this court. The case at bar, therefore, will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1). See Washington, 825 F. App'x at 60 n.2; Higgins,

---

[2] If Herrera desires to join additional defendants to his initial civil action, he must utilize the appropriate Federal Rules of Civil Procedure to do so, see, e.g., FED. R. CIV. P. 15, 19-21, not file an additional, duplicate lawsuit.

4

258 F.3d at 801; Cato, 70 F.3d at 1105; Pittman, 980 F.2d at 994-95; McWilliams, 121 F.3d at 574.

## IV. CONCLUSION

Based on the foregoing, the court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) as frivolous and malicious because it is duplicative of earlier litigation. An appropriate Order follows.

Date: 8/20/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court